UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                              Plaintiff,

          -against-

CITY OF NEW YORK (HRA); CVR ASSOCIATES
INC.; NYPD; NYC MTA; BRONX LEBANON
HOSPITAL; BRONX SUPREME COURT; YONKERS
FAMILY COURT; UNITED STATES S.D. COURT;
WHITE PLAINS SUPREME COURT,

                              Defendants.

19-CV-9264 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Yvonne Frost brings this action alleging that Defendants violated her rights. By order dated October 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "Denied me my leisurely place of aboard [sic]. Deny me medical treatment. Withhold information. Unfair treatment." (ECF No. 2 at 2.)[1]

Plaintiff lists the places of occurrence as "N. Jersey, New York, Bronx, Brooklyn," and the date of occurrence as "2016 − Present." (*Id.* at 5.)

Plaintiff alleges, *inter alia*, the following:

> From a group of people I heard one of them said "There three (3) big kings we have to pay — we giving that back to you — you keep it." The person goes on to say "she really leave me with only the clothes on my back." I have news for these world's biggest bullies I have the clothes on my back you are speaking about right

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

now since you all/the government left me homeless. I have them all for a long time.

This leader went on to say "every body sign here — we all have to be on the same page." I heard thirty-three (33) billions at stake but I know that figure may/could have already sky-rocketed. Adding insanity to madness government said "go to work." I found out via a card holder sign the job is in the Flat-Iron district. Adding insanity to madness the government follows me to a place I went instead and saw me sitting on a bench. I heard a man softly said while I was sitting "it don't make sense you are just sitting there."

Via vision I saw someone curse me and said "Fall off the bed."

(*Id.* at 5-6.)

In the section in which Plaintiff is asked to state the relief she seeks, she states: "I would like to asked [sic] the court/my lawyer assigned to the case to move it from Second Circuit to Federal. It don't stand a chance in Second Circuit based on what transpired over the weekend." (*Id.* at 6.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Because Plaintiff filed more than ten actions IFP within a two-week period, by order dated October 7, 2019, the Court warned Plaintiff that further vexatious or frivolous litigation in this Court would result in an order under 28 U.S.C. § 1651 barring her from filing new actions IFP unless she receives prior permission.[2] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8826, 3 (S.D.N.Y. Oct. 7, 2019) (listing nine cases). In light of Plaintiff's abuse of the privilege

---

[2] Plaintiff has filed a total of 27 actions during the period from September 16, 2019, through October 21, 2019. *See Frost v. NYPD*, ECF 1:19-CV-8595, 2 (S.D.N.Y. filed Sept. 16, 2019); *Frost v. City of New York*, ECF 1:19-CV-8634, 2 (S.D.N.Y. filed Sept. 17, 2019); *Frost v. NYPD*, ECF 1:19-CV-8705, 2 (S.D.N.Y. filed Sept. 18, 2019); *Frost v. NYC MTA*, ECF 1:19-CV-8746, 2 (S.D.N.Y. Sept. 19, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8794, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8795, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York*, ECF 1:19-CV-8826, 2 (S.D.N.Y. Oct. 11, 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8881, 2 (S.D.N.Y. filed Sept. 24, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8909, 2 (S.D.N.Y. filed Sept. 25, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 2 (S.D.N.Y. filed Sept. 26, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 5 (S.D.N.Y. Oct. 7 2019) (dismissing complaint as frivolous and warning Plaintiff that further vexatious or frivolous litigation will result in an order pursuant to 28 U.S.C. § 1651, barring her from filing new actions IFP); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9062, 5 (S.D.N.Y. Oct. 11 2019) (dismissing complaint as frivolous); *Frost v. NYPD*, ECF 1:19-CV-9065, 2 (S.D.N.Y. filed Sept. 30, 2019); *Frost v. MYC MTA*, ECF 1:19-CV-9139, 2 (S.D.N.Y. filed Oct. 1, 2019); *Frost v. Yonkers Family Ct.*, ECF 1:19-CV-9184, 2 (S.D.N.Y. filed Oct. 2, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9185, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. D.O.H.R.*, ECF 1:19-CV-9186, 2 (S.D.N.Y. filed Oct. 3, 2019); *Frost v. CVR Assocs. Inc.*, ECF 1:19-CV-9190, 2 (S.D.N.Y. filed Oct. 4, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9264, 2 (S.D.N.Y. filed Oct. 7, 2019); *Frost v. NYC A.C.S.*, ECF 1:19-CV-9330, 2 (S.D.N.Y. filed Oct. 8, 2019): *Frost v. NYPD*, ECF 1:19-CV-9419, 2 (S.D.N.Y. filed Oct. 10, 2019): *Frost v. City of New York (HRA)*, ECF 1:19-CV-9500, 2 (S.D.N.Y. filed Oct. 11, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9564, 2 (S.D.N.Y. filed Oct. 15, 2019).; *Frost v. City Hall*, ECF 1:19-CV-9568, 2 (S.D.N.Y. filed Oct. 16, 2019); *Frost v. Oculus*, ECF 1:19-CV-9667, 2 (S.D.N.Y. filed Oct. 18, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-9692, 2 (S.D.N.Y. filed Oct. 21, 2019); *Frost v. United States S.D. Courts*, ECF 1:19-CV-9693 (S.D.N.Y. filed Oct. 21, 2019).

of proceeding IFP, by order dated October 11, 2019, the Court has also ordered Plaintiff to submit a declaration showing cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint.[3] *See Frost v. City of New York (HRA)*, ECF 1:19-CV-9001, 4 (S.D.N.Y. Oct. 11, 2019). By order dated October 22, 2019, the Court again ordered Plaintiff to show cause why she should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file her complaint. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 4 (S.D.N.Y. Oct. 22, 2019). Frost filed this action on October 7, 2019, the same day the Court warned her against filing further vexatious cases.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The warning that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring Plaintiff from filing new actions IFP unless she receives prior permission remains in effect.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

---

[3] Plaintiff filed a notice of appeal on September 30, 2019, before the order of dismissal was signed and entered on the Court's docket. By order dated October 25, 2019, the Court deemed Plaintiff's notice of appeal defective and advised Plaintiff that if she fails to file a declaration on or before the November 12, 2019 deadline, or if the declaration does not show good cause, she will be barred under 28 U.S.C. § 1651 from filing new actions IFP, unless she obtains leave of the Court. *See Frost*, ECF 1:19-CV-9001, 7.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 5, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge